By the Court.—Curtis, J.
It is not proposed to- *444 consider any of the questions arising in this case, that were passed upon by the General Term in the determination of the first action.
The appellants, however, submit as res nova, that the plaintiffs are not entitled to recover the tax of $2,043, paid' December 14, 1869.
This tax was laid upon the demised premises during the term of the lease. It was then due and payable, and the defendants, by a covenant in the lease, obligated themselves to pay it when it should become due and payable.
The action is to recover the quarter’s rent falling due February 1st, 1870, and also the amount of this tax which the plaintiffs paid December 14th, 1869.
The defendants maintain that their being dispossessed by the plaintiffs, under the statutory summary proceedings February 24, 1870, cancelled and annulled the lease ab initio. This dispossession cannot affect the rights of the plaintiffs accruing during the quarter expiring February 1, 1870.
This has been long settled, and it would be unjust to hold that rights of action already vested and perfect, could be at a subsequent day divested because the lease ceased to be longer operative.
This principle applies as much to a covenant to pay taxes on the demised premises, as it does to a covenant to pay rent or other charges. The law does not attempt to draw any distinctions between the various obligations and covenants in a lease under such circumstances, but leaves all upon which a right of action has accrued to be enforced, up to the time the lease ceases to be operative by reason of the dispossession under the summary proceedings. (Giles v. Comstock, 4 Cow., 270; Whitney v. Meyer, 1 Duer, 276; McKeon v. Whitney, 3 Denio, 456; Crane v. Hardman, 4 E. D. Smith, 339; Cushingham v. Phillips, 1 E. D. Smith, 419; Davison v. Donadi, 2 E. D. Smith, 122.)
*445 On the trial the defendants sought to establish a surrender of the premises to the plaintiffs on the 30th of September, previous to the quarter expiring February 1st The plaintiffs claimed that the defendants had possession through Fischer, a tenant of theirs, of some part of the premises, through almost the entire February quarter. A. D. Oppenheim, one of the defendants, testified that Fischer did not remain as their tenant one day after the 30th of September, and that he knew of no steps being taken to get him out, and that he did not make any arrangements with him in January or in the end of December to put an end to the lease, and then give him a new permission to remain in.
The plaintiffs then put in evidence a cancellation of the lease from the defendants to Fischer, dated December 29, 1869, executed by the parties to it, and also an affidavit by the witness, A. D. Oppenheim, sworn to January 11th, 1870, as the basis of summary proceedings to dispossess Fischer as defendants’ tenant, and among other things stating the cancellation December 29, 1870, of the lease to him, and thereafter the letting of the premises to Fischer, as defendants’ tenant, for a term of five days.
The defendants called ■ their attorney, Levy Cohen, Esq., and offered, in order to repel the idea of any contradiction or insensibility to truth in the testimony of the defendant, Albert D. Oppenheim, to show how this cancellation of the lease came to be made, the negotiations and conversations leading to it, the circumstances under which it was endorsed on the lease to Fischer, what witness’s motives were in entering into the agreement on behalf of the Oppenheims, and whether he expresses them to Fischer, and that defendants had no actual knowledge of what was done.
The court overruled these offers, and the defendants excepted, and now urge upon the argument that they *446 should have been allowed to present this kind of testimony.
The court did not err in overruling these offers. It is manifest that where parties to an action testify, the rules of evidence should be adhered to with stringency. When the evidence of a party is contradicted by an instrument in writing executed by himself, and also corroborated by his statements sworn to in an affidavit, it is clear that the testimony of his attorney, such as was offered here, should not be received.
It would be in contravention of what is usually considered law and good morals, and tend to weaken if not destroy all reliance upon the solemnity and efficacy of instruments in writing, as well as upon statements deliberately reduced to writing, subscribed and sworn to in a judicial proceeding. I am not aware of any departure from the rule early recognized in this State, that all anterior verbal negotiations and promises are excluded as being resolved into the writing. Bayard vs. Malcolm, 1 John R. 467.)
The judgment and order appealed from should be severally affirmed, with costs.